IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN THOMAS TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Case No. CIV-14-853-D |
| | ) | |
| TIME, INC., d/b/a Sports Illustrated Magazine, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 17], filed by Time, Inc. d/b/a Sports Illustrated Magazine, George Dohrmann, and Thayer Evans, pursuant to Fed. R. Civ. P. 12(b)(6). The Motion is fully briefed and at issue.

Plaintiff John Thomas Talley is proceeding in this diversity case under his Amended Complaint [Doc. No. 16], which was timely filed after the Court granted Defendants' initial Rule 12(b)(6) motion to dismiss with leave for Plaintiff to amend his pleading. By Order of February 11, 2015, the Court determined that Plaintiff's original pleading failed to state a claim of false light invasion of privacy under Oklahoma law because it alleged insufficient facts to show that Defendants acted with actual malice in the publication of a magazine article in Sports Illustrated ("SI") containing statements concerning Plaintiff that could be found to be materially false.[1] Defendants now challenge the Amended Complaint as also insufficient to state a claim upon which relief can be granted.

---

[1] The parties agree that Plaintiff's action is governed by Oklahoma substantive law.

The parties are familiar with the findings stated in the February 11 Order, which will not be repeated; a copy is also available on Westlaw. *See Talley v. Time, Inc*., No. CIV-14-853-D, 2015 WL 574716, Order (W.D. Okla. Feb. 11, 2015) (hereafter, "Order"). The Order sets forth the standard of decision (*id*. at *2), the elements of Plaintiff's theory of liability (*id*.), and the allegedly defamatory statements about Plaintiff in the article (*id*. at *3-4). A copy of the published SI article appears in the case record as an attachment to Defendants' initial and current motions (Defs.' Mot. Dismiss Compl., Ex. 1 [Doc. No. 8-1]; Defs' Mot. Dismiss Am. Compl. Ex. 1 [Doc. No. 17-1]), and is publicly available on Sports Illustrated's internet website at http://www.si.com/college-football/2013/09/10/oklahoma-state-part-1-money.

In support of the instant Motion, Defendants again argue that Plaintiff has failed for multiple reasons to sufficiently allege a plausible false light invasion of privacy claim. In their brief, Defendants "revisit . . . why [certain] statements still are not actionable despite the plaintiff's revisionist view of the alleged facts" by amendments included in the Amended Complaint. *See* Def.'s Mot. Dismiss Am. Compl. [Doc. No. 17], p.6. Because the Court need only find sufficient factual allegations to state a plausible claim, and because Defendants concede plausible allegations that some statements in the SI article "are materially false and highly offensive," (*id*. p.9), the Court finds no need to revisit prior rulings.[2] The Court considers only whether Plaintiff has cured the deficiency in his prior

---

[2] Defendants also concede that Plaintiff has cured a prior deficiency of failing to allege that he suffered any emotional distress or damage as a result of the alleged conduct. *See id.* p.4, n.2.

2

pleading by providing sufficient factual allegations to support a finding of "actual malice" as that term is defined by governing law. *See* Order at *5-*6. The Court previously found the Complaint "contain[ed] no factual allegations that would plausibly support an inference that Defendants recklessly disregarded the truth – that is, had actual awareness of probable falsity – or actually knew that what they published was not true." *Id.* at *6.

Upon examination of the Amended Complaint, the Court finds minimally sufficient factual allegations from which a reasonable inference could be drawn that Defendants published statements about Plaintiff in reckless disregard of their probable falsity and the false light in which he would be placed. Reading the statements about Plaintiff in context of the SI article, he was falsely identified as a financial booster of the Oklahoma State University football program who paid money or provided subsistence to individual players in violation of NCAA rules. As one example, the article states that quarterback Aso Pogi said he lived on Plaintiff's ranch one summer rent-free and did no work in exchange. Plaintiff alleges in the Amended Complaint that "Aso Pogi's remarks were deliberately falsified" and "Pogi made it clear to S.I. during his interviews . . . that, in exchange for that living space, he worked hard performing manual labor" and "it was some of the most physically demanding work he had ever done." *See* Am. Compl. [Doc. No. 16], ¶¶ 42, 49. The article also attributes to Plaintiff statements that "he sometimes paid players a fee for speaking engagements" and "he cleared the speaking fees through the university's compliance office." *Id.* ¶ 19. The Amended Complaint alleges that these statements are false and one former player who was questioned about speaking fees "correctly stated [to SI

3

interviewers] that neither he, or [sic] anyone he knew, ever got paid" a speaking fee by Plaintiff. *Id.* ¶ 43.

Accepting the allegations of the Amended Complaint as true and reading them in the light most favorable to Plaintiff, the Court finds that the Amended Complaint states a facially plausible claim to relief.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 17] is DENIED.

IT IS SO ORDERED this  18th  day of November, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE