**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **John Thomas Talley,** <br><br> **Plaintiff,** <br> **v.** <br><br> **Time Inc., d/b/a Sports Illustrated Magazine, *et al*.,** <br><br> **Defendants.** | **Case No. CIV–14–00853–D** |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

The defendants, Time Inc., George Dohrmann, and Thayer Evans, answer the Amended Complaint of the plaintiff as follows:

1. The defendants admit so much of paragraph 1 as alleges that the plaintiff's claim arises out of the publication in *Sports Illustrated* ("*SI*") of part 1 of a special report on the Oklahoma State University football program ("the article"). To the extent paragraph 1 asserts legal conclusions, no response is necessary. All other factual allegations are denied.

2. The defendants admit the allegations of paragraph 2 regarding the citizenship of the parties. Although the allegation of jurisdiction is a legal conclusion, the defendants do not dispute that the court has subject matter jurisdiction.

3. Although the allegation of personal jurisdiction is a legal conclusion, the defendants do not dispute that the court has jurisdiction over the defendants. To the extent paragraph 3 asserts other legal conclusions, no response is necessary. All other factual allegations are denied.

4. The defendants admit that venue is proper in this court as alleged in paragraph 4.

5. The defendants admit that John Thomas Talley is the plaintiff in this case, and, on information and belief, that he resides in Payne County, Oklahoma. The defendants have insufficient information to admit or deny the remaining allegations of paragraph 5.

6. Upon information and belief, the defendants admit that the plaintiff has had some connection with the organization called Oklahoma Fellowship of Christian Athletes. The defendants have insufficient information to admit or deny the remaining allegations of paragraph 6.

7. Upon information and belief, the defendants admit that the plaintiff had interaction with OSU student athletes, but they have insufficient information to admit or deny the remaining allegations of paragraph 7.

8. Upon information and belief, the defendants deny the allegations of paragraph 8.

9. The defendants admit the allegations of paragraph 9 that Time Inc. publishes *SI* magazine, that the magazine has approximately 3 million subscribers and is read by millions others in the United States, and that Time Inc. maintains a website related to the *SI* magazine. Remaining allegations are denied.

10. The defendants admit the allegations of paragraph 10, except the defendants state affirmatively that Dohrmann is a former Senior Writer and currently a contributing writer for *SI* and they deny that Dohrmann published any "falsehoods."

11. The defendants admit the allegations of paragraph 11, except the defendants state affirmatively that Evans is a Senior Writer for *SI* and they deny that Evans published any "falsehoods."

12. The defendants admit that Dohrmann and Evans were assigned to report on the Oklahoma State University football program but otherwise deny the allegations of paragraph 12.

13. The defendants admit that *SI* published the article, and they state affirmatively that the article speaks for itself. The defendants deny the allegations of paragraphs 13 through 16 to the extent any of those allegations is inconsistent with or is not specifically confirmed by the text of the article. The defendants state affirmatively that only part 1 of the article makes any reference to the plaintiff, and the allegations in paragraphs 15 and 16 do not relate specifically to the plaintiff.

14. The defendants deny the allegations of paragraphs 17 and 18, and further state that the article speaks for itself.

15. Regarding paragraph 19, the defendants state that the article speaks for itself.

16. Paragraphs 20 through 23 state legal conclusions, to which no response is necessary.

17. The defendants have insufficient information to admit or deny the allegations of paragraphs 24 through 27, except they admit the allegation of paragraph 27 that Dohrmann and Evans were assigned to report on the Oklahoma State University football program. The defendants, however, deny the plaintiff's characterization of this

assignment.

18. The defendants admit the allegations of the first sentence of paragraph 28. The remaining allegation is denied.

19. The defendants deny the allegations of paragraph 29.

20. The defendants deny the allegations of paragraphs 30 through 33, except they admit their investigation was “serious” as alleged in paragraph 31 and was “thorough” as alleged in paragraph 33.

21. The defendants admit that they identified, researched background, located, and interviewed numerous sources during their investigation of the OSU football program, but they otherwise deny the allegations of paragraph 34.

22. The defendants deny the allegations of paragraphs 35 and 36, except they admit that Fath’ Carter was a source of information during their investigation of the OSU football program.

23. The defendants deny the allegations of paragraph 37, except they admit that Seymore Shaw was a source of information during their investigation of the OSU football program.

24. The defendants deny the allegations of paragraph 38.

25. The defendants deny the allegations of paragraph 39, except they admit they interviewed former players.

26. The defendants deny the allegations of paragraph 40, except they admit that their sources provided information about the plaintiff, including that reported in the article.

27. The defendants deny the allegations of paragraphs 41 through 43, except they admit that Girtman, Wright, Johnson, Pogi, and Shaw were sources of information during their investigation of the OSU football program. The defendants further admit the allegations of paragraph 42 that Pogi knew the plaintiff, stayed at his house one summer, and did not pay the plaintiff money for his board.

28. The defendants deny the allegations of paragraphs 44 through 49, and assert that the article speaks for itself.

29. The defendants admit that *SI* published the article and that the article appeared on *SI*'s website, but they otherwise deny the allegations of paragraph 50.

30. The defendants deny the plaintiff's characterization of their "expect[ations]" but otherwise have insufficient information to admit or deny the allegations of paragraph 51.

31. The defendants deny the allegations of paragraph 52.

32. Regarding paragraphs 53 through 57, the defendants deny that they have caused the plaintiff to suffer, or that the plaintiff has suffered, any damages, including "severe emotional distress" or "mental anguish." Otherwise, the defendants have insufficient information to admit or deny the allegations of paragraphs 53 through 57.

33. Paragraph 58 states a legal conclusion, to which no response is necessary.

34. The defendants incorporate their admissions and denials regarding paragraphs 1 through 58 in response to paragraph 59.

35. The defendants admit that *SI* published the article and that the article appeared on *SI*'s website, but they otherwise deny the allegations of paragraph 60.

36. The defendants deny the allegations of paragraphs 61 through 63.

37. The defendants incorporate their admissions and denials regarding paragraphs 1 through 63 in response to paragraph 64.

38. The defendants deny the allegations of paragraphs 65 and 66.

**Defenses**

1. The Amended Complaint fails to state a claim on which relief can be granted as to any of the defendants.

2. The Amended Complaint fails to allege specifically what statements in *SI*'s five–part article are allegedly actionable. However, in its order granting the defendants' motion to dismiss the Complaint, the court identified the five statements on which the plaintiff originally relied. *See Talley v. Time Inc*., No. CIV–14–853–D, 2015 WL 574716 (W.D. Okla. Feb. 11, 2015), *3–4 (Order [doc. no. 15] at 7–8). In its order dismissing the initial Complaint, the court concluded that three of those five statements are not actionable, and in its order denying the defendants' motion to dismiss the Amended Complaint, the court said it "finds no need to revisit prior rulings." Order [doc. no. 20] at 2. Accordingly, the two statements in the article on which the plaintiff's claim is based are the following:

(a) "Talley could also be counted on to set up speaking gigs for players, paying $100 for a 15– to 20–minute talk. 'You might get more depending on who you were,' says Shaw."

(b) "Talley says that he sometimes paid players a fee for speaking engagements . . . [and] also says he cleared the speaking fees and the hourly employment through the university's compliance office."

3. The plaintiff's claim is barred because the challenged statements are

substantially true.

4. The plaintiff's claim is barred because the challenged statements are privileged under the First and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of Oklahoma, and applicable law.

5. The plaintiff's claim is barred by the fair comment privilege.

6. The plaintiff's claim is barred to the extent any statement in the article is an opinionative or evaluative statement.

7. The plaintiff's claim for punitive damages is barred by the Fourteenth Amendment to the Constitution of the United States, the Constitution of the State of Oklahoma, and applicable law.

8. The defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses and reserve the right to assert and rely on such other applicable defenses or affirmative defenses as may be available by law, or pursuant to statute, or appear during the proceedings in this action. The defendants reserve the right to amend their answer accordingly and assert any such defense.

WHEREFORE, the defendants pray that the plaintiff take nothing by reason of his Amended Complaint, that the Amended Complaint be dismissed and judgment be entered in favor of the defendants, and that the defendants be awarded such further relief as to which they may be entitled.

Dated: December 2, 2015

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By: /s/Robert D. Nelon
Robert D. Nelon, OBA #6610
Jon Epstein, OBA #13274
Elisabeth E. Muckala, OBA #21306
Chase Tower, Suite 2900
100 North Broadway
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
Email: jepstein@hallestill.com
Email: emuckala@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gary L. Richardson, OBA #7547
Charles L. Richardson, OBA #13388
Jason C. Messenger, OBA #19887
Mbilike Mwafulira, OBA #31164
Richardson Richardson Boudreaux PLLC
7447 S. Lewis Ave.
Tulsa, OK 74136

/s/Robert D. Nelon

1201342.1:811373:02010