IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN THOMAS TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Case No. CIV-14-853-D |
| | ) | |
| TIME, INC., d/b/a Sports Illustrated Magazine, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Time, Inc.'s Motion to Compel [Doc. No. 40], filed pursuant to Fed. R. Civ. P. 37. Plaintiff has filed a response to the Motion, which is fully briefed.[1]

This diversity case involves a claim by Plaintiff John Thomas Talley that Defendant Time, Inc. d/b/a Sports Illustrated Magazine ("SI") and its employees or agents published a magazine article that placed Plaintiff in a false light and invaded his privacy. The parties agree the claim is governed by Oklahoma law and requires proof of the following elements: 1) Defendants gave publicity to a matter concerning Plaintiff that placed him before the public in a false light; 2) the false light in which Plaintiff was placed "would be highly offensive to a reasonable person;" and 3) Defendants "had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *See Colbert v. World Publ'g Co.*, 747 P.2d 286, 290 (Okla. 1987) (internal

---

[1] No reply brief was filed within the time period authorized by LCvR7.1(i).

quotation omitted); *see also Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 719 (10th Cir. 2000); Restatement (Second) of Torts, § 652E (1977).

The instant Motion concerns Plaintiff's allegedly inadequate responses to SI's Interrogatory Nos. 2 and 3, each of which asked Plaintiff to identify "every person who you contend is a reasonable person and was highly offended by" certain statements in the magazine article. *See* Def.'s Mot. Compel, Ex. 1 [Doc. No. 40-1], pp.6-7. Plaintiff answered by providing a list of 16 individuals – including himself, family members, and close friends – who had strong negative reactions to the magazine article's statements about Plaintiff. SI contends Plaintiff's answers are insufficient because the identified witnesses are persons who are described as reacting negatively to the article, not necessarily the specific statements that are alleged to be false and highly offensive. SI argues that "[t]he defendants are entitled to discover what witnesses the plaintiff contends support his claim that reasonable people were highly offended by the specific statements rather than by the article as a whole or even by other non-actionable statements." *See* Def.'s Mot. Compel [Doc. No. 40], p.9. SI proposes to "depose those witnesses to determine whether and why they were highly offended by those [specific] statements and, if so, whether such reaction was reasonable." *Id*.

As the Court understands SI's position, SI expects Plaintiff to prove his claim with the testimony of actual, reasonable people who were highly offended by false statements in the magazine article. SI provides no legal authority for this position. Plaintiff's false light invasion of privacy claim employs an objective "reasonable person" standard similar to one used in other legal contexts. *See*, *e.g.*, *Grogan v. KOKH, LLC*, 256 P.3d 1021, 1030 (Okla.

2

Civ. App. 2011) (describing the second element as: "the false portrayal would be highly offensive to a reasonable person such that the plaintiff would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity"). The Court is not aware of any hypothetical "reasonable person" standard that considers whether witnesses in support of a factual contention are, in fact, reasonable people. The Court finds that Plaintiff's identification of witnesses who will provide testimony in support of his claim is sufficient. No further answer is required, unless circumstances arise that trigger a duty of supplementation under Fed. R. Civ. P. 26(e).

SI's Motion was based, in part, on a disagreement among the parties regarding the scope of permissible discovery in this case. This disagreement was presented for resolution by the Court upon a separate motion (Defendants' Motion for Case Management Order), which was decided November 17, 2016, after SI's Motion was filed. Accordingly, the Court finds that no award of expenses under Fed. R. Civ. P. 37(a)(5) is warranted.

IT IS THEREFORE ORDERED that Defendant Time, Inc.'s Motion to Compel [Doc. No. 40] is DENIED.

IT IS SO ORDERED this 9th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE