IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN THOMAS TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. CIV-14-853-D |
| | ) |
| TIME, INC., d/b/a Sports Illustrated Magazine, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Stay of Ruling on Defendants' Motion for Summary Judgment Pending Receipt and Review of Deposition Transcripts [Doc. No. 97]. Defendants oppose the Motion, which is fully briefed.

Plaintiff represents that four individuals who are defense witnesses were recently deposed in New York and these witnesses provided new information that may support his claim of false light invasion of privacy. Plaintiff asks the Court to delay its ruling on Defendants' pending motion for summary judgment, which is otherwise fully briefed, until his counsel receives and reviews the transcripts of the depositions and determines whether to request leave to file a supplemental brief regarding Defendants' dispositive motion.

Defendants do not dispute Plaintiff's representations but oppose his request on the ground that he has not complied with Fed. R. Civ. P. 56(d). Defendants argue that Rule 56 provides a procedural mechanism to delay or defer a summary judgment ruling but Plaintiff did not invoke this procedure and has not satisfied its requirements.

Plaintiff contends Rule 56(d) is inapplicable. Plaintiff argues that his summary judgment response is sufficient to demonstrate a genuine dispute of material facts regarding his claim but that the additional information subsequently provided by Defendants' witnesses would show "the full story" regarding Defendants' publication of the article about him and further establish actual malice, as required to prove his claim. *See* Pl.'s Reply Br. [Doc. No. 99] at 2.

While not condoning Plaintiff's unconventional approach to summary judgment briefing, the Court does not disagree that a dispositive ruling should be made in light of all relevant facts and circumstances. The Court sees no harm (and Defendants suggest none) in allowing Plaintiff to supplement his existing brief with new evidence bearing on his claim, if warranted. Therefore, the Court will not rule on Defendants' motion until Plaintiff's counsel has an opportunity to determine whether to move for leave to file a supplemental brief.[1]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Stay of Ruling on Defendants' Motion for Summary Judgment Pending Receipt and Review of Deposition Transcripts [Doc. No. 97] is GRANTED, as set forth herein. The Court will not rule on Defendants' Motion for Summary Judgment until briefing is complete. Plaintiff may file a motion to supplement his summary judgment brief within 21 days from the date of this Order. If no motion is filed, the Court will consider briefing to be complete.

---

[1] The Court notes that discovery disputes have arisen and, according to Defendants, two more depositions are possible. Plaintiff is advised that a similar, future request for further briefing would not be favorably received.

IT IS SO ORDERED this 29th day of November, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE