IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN THOMAS TALLEY,             )
                                )
        Plaintiff,               )
                                )
vs.                             )   Case No. CIV-14-853-D
                                )
TIME, INC., d/b/a Sports Illustrated )
Magazine, *et al.*,             )
                                )
        Defendants.              )

# **O R D E R**

Before the Court is Defendants' *Daubert* Motion in Limine and Motion to Strike Report of Terry J. Westemeir [Doc. No. 64], filed pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702.[1] Defendants seek to exclude all testimony of Plaintiff's accounting expert, Terry J. Westemeir, because his report fails to satisfy the disclosure requirements of Rule 26(a)(2)(B). Further, Defendants assert that any testimony regarding the subject matter suggested by the report – the financial and economic impact of publishing the magazine article underlying Plaintiff's false light invasion of privacy claim – is inadmissible because Mr. Westemeir is not qualified as an expert in that area, he discloses no particular methodology for formulating his opinions, and his testimony would be irrelevant to the trial issues. Plaintiff has filed a timely response [Doc. No. 68], and Defendants have replied [Doc. No. 74]. The Motion is fully briefed and ripe for decision.

---

[1] Defendants also invoke *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Not cited in the Motion but argued in the supporting brief, Defendants first seek an order excluding evidence pursuant to Fed. R. Civ. P. 37(c)(1). *See* Defs.' Mot. at 4. This rule provides: "If a party fails to provide information or identify witnesses as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants argue that Mr. Westemeir fails to disclose his expert opinions as required by Rule 26(a)(2)(B), and that Plaintiff has no justification for the nondisclosure and has prejudiced Defendants' ability to prepare a defense. This aspect of Defendants' Motion is subject to LCvR37.1, which provides: "With respect to all motions . . . relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, the court shall refuse to hear any such motion or objection unless counsel for the movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."[2] Defendants' Motion fails to comply with LCvR37.1, and therefore, the Court declines to consider their request for a discovery sanction under Rule 37.

Turning to Defendants' *Daubert* Motion, Plaintiff relies solely on the substance of Mr. Westemeir's report to satisfy Plaintiff's burden under the Federal Rules of Evidence to establish the admissibility of his expert's opinions. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) ("The proponent of expert testimony bears the

---

[2] In certain circumstances a personal conference is not required, but LCvR37.1 then requires that "the movant's counsel represent[] to the court in writing that movant's counsel has conferred with opposing counsel by telephone."

burden of showing that its proffered expert's testimony is admissible."). Thus, the alleged deficiencies in Mr. Westemeir's report are pertinent to the Court's analysis of Defendants' Motion, and a discussion of them is useful for this purpose.

Mr. Westemeir prepared a report in the form of a letter to Plaintiff's counsel dated June 5, 2017, which was the final deadline for Plaintiff's expert disclosures. *See* 3/15/17 Order [Doc. No. 47]. In the introductory paragraph, Mr. Westemeir states:

> It is my understanding that discovery in this matter is ongoing and much of the information necessary for me to conduct my analysis is not yet available. Therefore, I am submitting this as a preliminary report and reserve the right to amend this report, as necessary, as additional information and data become available.

*See* Def.'s Mot., Ex. 1 [Doc. No. 64-1] at 1.[3] Then, after stating background information regarding Sports Illustrated Magazine (apparently obtained from internet websites, such as Wickipedia, *see id.*, Ex. A), and setting out a press release regarding the subject article, Mr. Westemeir states he has requested certain categories of information "[t]o perform my analysis and give opinion on the economic and financial impact of publishing the five-part SI investigative report" underlying Plaintiff's tort claim. *Id.* at 5. Mr. Westemeir proceeds by presenting a two-paragraph statement of "Analysis and Conclusion," which states in full as follows:

> My analysis of the financial and economic impact of the publication of the five-part "The Dirty Game" investigative report (the "SI Report") on Time, Inc. and SI is incomplete.

---

[3] Plaintiff submitted the same document as an exhibit to his response brief. *See* Pl.'s Resp. Br., Ex. 1 [Doc. No. 68-1]. For convenience, only the first submission is cited in this Order.

Information received will be analyzed to determine the effect of the promotion and publication of the SI Report on subscriptions, rack sales and advertising. Specifically,

- Analysis of subscription data will be designed to ascertain, conclude and opine on whether the SI Report had the effect of increasing or maintaining subscription levels.

- Analysis of subscription and rack sale data will be designed to ascertain, conclude and opine on whether SI sales were enhanced by the promotion and publication of the SI Report.

- Analysis of the financial data will be designed to ascertain, quantify, conclude and opine on the enhancement and contribution of profitability realized by the promotion and publication of the SI Report both in terms of the impact of the publication of the individual installments of the SI Report and in terms of the general enhancement and contribution to earnings.

- Analysis of advertising revenue and rate card data, for the SI Report and SI weekly issues, will be designed to ascertain, quantify, conclude and opine on the impact of advertising dollars gained by SI by promotion and publishing of the SI Report and determination and quantification of any short-term and/or long-term impact of advertising rates and revenues achieved by SI.

- Analysis of financial and advertising data will be designed to ascertain, quantify, conclude and opine on the impact of the SI Report on the print versions (parts one and five) and SI's SI.com programing.

*Id*. at 5-67. Mr. Westemeir has not amended his report or provided any supplemental statement of analysis or opinions.

The Supreme Court's *Daubert* decision has been codified in Fed. R. Evid. 702, which sets forth the standards for admissibility of expert opinions and defines the trial court's gatekeeper role. As explained by the court of appeals:

> Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of

4

fact, before permitting a jury to assess such testimony. In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.

*Nacchio*, 555 F.3d at 1241 (internal quotations and citations omitted).

In this case, it is unclear from Mr. Westemeir's report whether his accounting expertise qualifies him to opine about the financial and economic impact of Defendants' publication of a particular journalistic report on overall magazine sales, advertising and sales revenue, and general earnings and profitability of Sports Illustrated or Time, Inc. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (an expert must stay "within the reasonable confines of his subject area") (internal quotation omitted). It is abundantly clear, however, that Mr. Westemeir has not reached any opinions or provided any supporting information that would permit the Court to evaluate Mr. Westemeir's proposed testimony and determine whether it is reliable and relevant to the issues in the case. Mr. Westemeir merely states a plan of study that he proposes to perform if the requested information is provided.

Therefore, because the Court is unable to perform its gatekeeping role, the Court cannot authorize Mr. Westemeir to testify as an expert in support of Plaintiff's case based on the present record and Mr. Westemeir's report.

IT IS THEREFORE ORDERED that Defendants' *Daubert* Motion in Limine [Doc. No. 64] is GRANTED.

IT IS SO ORDERED this 27th day of February, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE