IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN THOMAS TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-853-D |
| | ) |
| TIME, INC., d/b/a Sports Illustrated Magazine, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **O R D E R**

Before the Court is Defendants' *Daubert* Motion in Limine and Motion to Strike Report of Christopher Harper [Doc. No. 63], filed pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702.[1] Defendants seek to exclude all testimony of Plaintiff's journalism expert, Christopher Harper, because his report fails to satisfy the disclosure requirements of Rule 26(a)(2)(B). Further, Defendants assert that any testimony regarding the opinions expressed in Mr. Harper's report – that Defendants violated journalistic standards and recklessly disregarded the truth about Plaintiff – is inadmissible because Mr. Harper is not qualified as an expert in the specific area of investigative journalism and his opinions are not reliable or relevant to establish "actual malice," as required to prove Plaintiff's false light invasion of privacy claim. Plaintiff has filed a timely response [Doc. No. 69], and Defendants have replied [Doc. No. 75]. The Motion is fully briefed and ripe for decision.

---

[1] Defendants also invoke *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Although cited only in the supporting brief, Defendants' Motion first seeks an order excluding evidence pursuant to Fed. R. Civ. P. 37(c)(1), which provides: "If a party fails to provide information or identify witnesses as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See* Defs.' Mot. & Br. at 1-2. Defendants argue that Mr. Harper's report fails to comply fully with Rule 26(a)(2)(B), and that the deficiencies prejudice Defendants' ability to prepare their defense. This aspect of Defendants' Motion is subject to LCvR37.1, which provides: "With respect to all motions . . . relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, the court shall refuse to hear any such motion or objection unless counsel for the movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."[2] Defendants' Motion fails to comply with LCvR37.1, and thus, the Court declines to consider their request for a discovery sanction under Rule 37.

Turning to Defendants' *Daubert* Motion, Plaintiff relies solely on Mr. Harper's original report to satisfy Plaintiff's burden under the Federal Rules of Evidence to establish the admissibility of Mr. Harper's expert opinions. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) ("The proponent of expert testimony bears the burden of showing that its proffered expert's testimony is admissible."). Thus, the alleged

---

[2] In certain circumstances a personal conference is not required, but LCvR37.1 then requires that "the movant's counsel represent[] to the court in writing that movant's counsel has conferred with opposing counsel by telephone."

deficiencies in Mr. Harper's report are pertinent to the Court's analysis of Defendants' Motion.[3]

Mr. Harper prepared a report in the form of a letter to Plaintiff's counsel dated June 3, 2017, which was shortly within the deadline for Plaintiff's expert disclosures. Mr. Harper states that his expert opinions concern "generally accepted newsroom standards and practices" and his credentials "include experience in the news industry for more than 20 years at a variety of organizations," recognition as an expert witness in state and federal courts,[4] and having "lectured on legal and ethical issues in undergraduate and graduate courses at Temple University, New York University, and Ithaca College for more than 20 years." *See* Def.'s Mot., Ex. 1 [Doc. No. 63-1] (hereafter, "Report") at 1.[5] After listing nine types of materials that he reviewed in forming his opinions, Mr. Harper states the following expert opinions that Defendants challenge as insufficiently supported and unreliable: 1) "[D]efendants repeatedly and knowingly violated generally accepted newsroom standards and practices that rise to the level of reckless disregard of the truth amounting to malice in reporting about [Plaintiff]" (*id*.), and in specific ways, such as failing to ascertain the credibility of sources, acted with "reckless disregard of the truth

---

[3] In December 2017, Mr. Harper amended his report and provided a supplemental statement of opinions based on later-acquired evidence. *See* Pl.'s Suppl. Resp. Br. Defs.' Mot. Summ. J., Ex. A [Doc. No. 107-1]. No party has requested supplemental briefing of Defendants' *Daubert* Motion to address these opinions, and thus, the Court does not consider them here.

[4] Mr. Harper does not provide a list of cases in which he has served as an expert, as required by Fed. R. Civ. P. 26(a)(2)(B). This type of deficiency could be easily cured, however, if the omission was brought to the attention of Plaintiff's counsel.

[5] Plaintiff submitted the same document as an exhibit to his response brief. *See* Pl.'s Resp. Br., Ex. 1 [Doc. No. 69-1]. For convenience, only the first submission is cited in this Order.

3

amounting to malice" (*id*. at 2-4); 2) Defendants "engaged in gossip with respect to Mr. Talley" (*id*. at 4); and 3) Defendants "placed Mr. Talley in a false light" (*id*.). *See* Def.'s Mot. at 6-7.

### Standard of Decision

Rule 702 of the Federal Rules of Evidence codifies the Supreme Court's decision in *Daubert*; it sets forth standards for admissibility of expert opinions and defines the trial court's gatekeeper role. As explained by the court of appeals:

> Under Rule 702, the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony. In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*.
>
> Reliability questions may concern the expert's data, method, or his application of the method to the data. The party offering the expert must show that the method employed by the expert . . . is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements. Under *Daubert*, any step that renders the expert's analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology. In making a reliability determination, generally, the district court should focus on an expert's methodology rather than the conclusions it generates.

*Nacchio*, 555 F.3d at 1241 (internal quotations and citations omitted). In this case, Defendant's Motion calls for Plaintiff to establish that Mr. Harper's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" that his opinions are "based on sufficient facts or data;" that they are "the product

4

of reliable principles and methods;" and that he "has reliably applied the principles and methods to the facts of the case." *See* Fed. R. Evid. 702(a)-(d).

**Discussion**

First, regarding Mr. Harper's qualification to serve as a journalism expert in this case, the Court finds that Mr. Harper is sufficiently qualified to render opinions about Defendants' compliance with professional standards and ethical guidelines. The Court is not persuaded that Mr. Harper's failure to show a particular expertise in investigative journalism disqualifies him from providing the proposed opinion testimony in light of his extensive industry experience and academic studies in the area of legal and ethical issues. It appears that Mr. Harper's testimony stays "within the reasonable confines of his subject area." *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (internal quotation omitted). Mr. Harper's specialized knowledge about journalistic practices and industry standards may assist the jury in deciding whether Plaintiff has proved the elements of his tort claim.[6]

The question of whether Mr. Harper's opinions are reliable, based solely on the information disclosed in his written report, presents a closer question. Nevertheless, the Court finds sufficient information in the existing record to assess Mr. Harper's underlying

---

[6] A false light invasion of privacy claim under Oklahoma law requires a plaintiff to allege and prove: 1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light; 2) the false light in which the plaintiff was placed "would be highly offensive to a reasonable person;" and 3) the defendant "had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *See Colbert v. World Publ'g Co.*, 747 P.2d 286, 290 (Okla. 1987) (internal quotation omitted); *see also Zeran v. Diamond Broad., Inc*., 203 F.3d 714, 719 (10th Cir. 2000); Restatement (Second) of Torts, § 652E (1977).

5

reasoning and methodology, as set forth in *Daubert* and *Kumho Tire*.[7] Mr. Harper explains what standards he is applying – "generally accepted newsroom standards and practices" and "editorial guidelines of Time, Inc." *See* Report at 1. Mr. Harper states multiple reasons why, in his opinion, these standards were not met. Defendants' criticisms of Mr. Harper's opinions go largely to his credibility and the weight to be given to his testimony rather than its admissibility, and are appropriate subjects of "cross-examination, presentation of contrary evidence, and careful instruction" of the jury. *See Daubert*, 509 U.S. at 596. Mr. Harper's opinion that Defendants "engaged in gossip," for example, is based on an ethical guideline that uses this term to distinguish the types of information that should and should not be reported.

The Court shares Defendants' concern, however, that some of Mr. Harper's statements of opinion are conclusory and embrace an ultimate issue of whether Defendants acted with "actual malice" as that phrase is defined by Oklahoma case law. Rule 704(a) expressly authorizes the admission of such testimony, provided the expert does not "merely tell the jury what result to reach." *See* Fed. R. Evid. 704 advisory committee's note. To the extent Mr. Harper does not state an impermissible legal conclusion, his testimony should be admitted. *See United States v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015); *A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991). Some findings stated in Mr. Harper's report are based on an independent analysis of available evidence utilizing expertise beyond the knowledge of an average juror, and may be helpful

---

[7] *See supra* note 1.

to the jury in assessing the parties' evidence and Defendants' conduct. However, Mr. Harper will not be allowed to testify in a conclusory manner that merely tells the jury what finding to make.

Further, the Court finds that testimony by Mr. Harper that the subject magazine article placed Plaintiff in a "false light" is not helpful because it is within the common knowledge of an average juror, and should be excluded. "[T]he jury is clearly capable of determining what an average [reader] . . . understood as expressed or implied by the [Sports Illustrated article] in regard to Plaintiff." *See Tilton v. Capital Cities/ABC, Inc.*, 938 F. Supp. 751, 753 (N.D. Okla. 1995), *aff'd*, 95 F.3d 32 (10th Cir. 1996).

## Conclusion

For these reasons, the Court finds that Mr. Harper's anticipated testimony regarding the expert opinions stated in his report is generally admissible, and should not be excluded. Any impermissible testimony should be the subject of contemporaneous objections at trial.

IT IS THEREFORE ORDERED that Defendants' *Daubert* Motion in Limine [Doc. No. 64] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 28th day of February, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE